UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| JASON TIMOTHY BOLYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV625-032 |
| | ) | |
| DEPARTMENT OF DEFENSE, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Jason Timothy Bolyard filed a Complaint in the United States District Court for the Northern District of Georgia. *See* docs. 1, 3, 4, 5 & 6. That Court granted his request to proceed *in forma pauperis*. Doc. 2. Given that Bolyard resides in Metter, Georgia, the Court transferred the case to this Court. *See generally* docs. 8 & 9. The Court, therefore, proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). As explained below, Bolyard's Complaint should be **DISMISSED** as frivolous. Doc. 1.

The Supreme Court has explained that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although dismissal where a

1

defendant has not filed an answer is not preferred, it is permissible where the complaint is "patently frivolous." *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("We have recognized that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties."); *Rosetta v. United States*, 2017 WL 4415674, at *1-2 (S.D. Ga. Aug. 29, 2017), *adopted* 2017 WL 4391720 (S.D. Ga. Sept. 29, 2017) ("[T]he Court has an obligation to dismiss any complaint that is factually and legally frivolous."). The Supreme Court has further explained that the statute authorizing proceedings *in forma pauperis* gives the Court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

While the Court is sympathetic to the obvious distress Plaintiff has suffered from the events alleged in the Complaint and related filings, it

is clear that any claim arising from those allegations is frivolous. The Complaint asserts claims against the United States Department of Defense, Department of Justice, Federal Bureau of Investigation, Department of Homeland Security, and Central Intelligence Agency. *See* doc. 3 at 1. Plaintiff summarizes the nature of his claims as arising from "continuous attacks involving computer-to-brain interface, directed energy weapons, and psychological operations since 2016 . . . ." *Id.* at 1. Subsequent allegations make clear that Plaintiff contends the "psychological operations," and "surveillance" he alleges the named agencies subjected him to was, principally, conducted "through the use of human-to-brain interface technology, electronic voice-to-skull (EVS) technology, and other classified programs." Doc. 6 at 1, 14. Such "allegations of electronic harassment and surveillance, use of psychotronic weapons and remote mind control . . . are the sort of [claims] that have been found to be factually baseless and legally frivolous." *Kelsey v. United States,* 2018 WL 7021613, at *10 (M.D. Fla. Dec. 14, 2018) (internal quotation marks and citations omitted).

Accordingly, Bolyard's Complaint, and all of his related requests for relief, should be **DISMISSED** as frivolous. Docs. 1, 3, 4, 5 & 6. This

3

R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDATION,** this 2nd day of May, 2025.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA